## L. W. Long *v.* H. W. Waggoner.

**Set-off and Counterclaim—Setting off Judgment Against Demand.**

Where defendant, in an action on a note, is the assignee of a part of the judgment against the plaintiff who is insolvent, defendant may have his debt set off against the demand for which defendant is sued.

APPEAL FROM UNION CIRCUIT COURT.

June 4, 1873.

OPINION BY JUDGE PETERS:

The substance of the 2d paragraph of the answer is that the plaintiff, on the 27th of September, 1869, was indebted to George Huston, administrator of Celia Hord, in the sum of $1,800, evidenced by a judgment of the court in which this suit was pending, and on the last named day said Hord assigned to the defendant one hundred dollars of said judgment by a writing which he files; that said assignment was made for a valuable consideration before he had any notice of the transfer of the note sued on by plaintiff to any one; that the judgment was against the plaintiff and one while both of whom were insolvent at the date of the assignment; that Wheeler is dead and died insolvent, and that plaintiff remains insolvent and therefore prays that the case be transferred to equity and that his debt be set off against the demand for which he is sued.

In his reply to this paragraph of the answer the plaintiff admits the recovery of the judgment referred to against himself and Wheeler, says that in the debt, which was the foundation of the judgment, he was only the surety of Wheeler; that the assignment of a part thereof was made to the defendant by Huston, after the summons had been served on defendant, and that the set-off pleaded by him is for the benefit of Huston, and that the assignment from him to Long was without any consideration moving from the latter to the former.

The recovery of the judgment against appellee and Wheeler by appellant's assignor is admitted in the reply, and it is further admitted that the assignment was made before appellant had notice of

the assignment of the note sued on to Waller, etc., and the insolvency of Wheeler and appellee is not denied, but it is insisted that the assignment of $100 of the judgment against appellee, etc., was not made for a valuable consideration, but was made to enable Huston to collect that much of his judgment.

If that be so, it is not sufficient of itself to defeat the set-off. In *Otwell v. Cook,* 9 B. Mon. 357, this court held "that although the defendant offering the set-off holds it as trustee, he holds it for every purpose of the set-off, which may be in fact for the exclusive benefit of the *cestui que use.* Having the legal title he had the legal right to make the set-off, and be allowed to do it, unless the interest of the beneficiary should forbid." And the set-off was therefore allowed although set up in a legal action, and by a party who had no beneficial interest in the demand, but who took the assignment for the sole benefit of the assignor. *Graham v. Tilford and Barclay,* 1 Met. 112.

There seems therefore to be no difficulty in the way of appellant to avail himself of the set-off, unless it arises from the fact that the judgment is against appellee and Wheeler, and not against appellee alone; but we do not suppose that such an objection is available. Appellee's liability to pay the debt was fixed by the judgment, and the plaintiff therein, or his assignee, had the legal right to coerce payment from him alone, and although at law it might not be available, still as the insolvency of the judgment debtor is admitted, the set-off was clearly available in equity and as such should have been allowed.

Wherefore, the judgment is *reversed* and the cause is remanded with directions to render judgment in conformity with this opinion. If, however, it should appear that the set-off was obtained after the summons was executed on Long, appellee should pay the costs in the court below.

*Spalding, Chapeze, S. W. Long, for appellant.*

*W. P. D. Bush, for appellee.*